IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jonathan Graham, on behalf of himself and all others similarly situated, | ) ) ) | Civil Action No. 2:18-cv- 02621-DCN |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **COMPLAINT** **(FLSA Collective Action/Class Action** |
| Hall's Southern Kitchens, LLC d/b/a High Cotton, | ) ) ) | **under the S.C. Payment of Wages Act)** |
| | ) ) | **Jury Trial Requested** |
| Defendant. | ) ) | |

Plaintiff Jonathan Graham, individually and on behalf of all other similarly situated individuals, by way of his Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover minimum and overtime wages, unlawful deductions, misappropriated tips, and other wages for Plaintiff and his similarly situated tipped workers who work or have worked at the High Cotton Charleston ("High Cotton") restaurant owned and/or operated by Defendant.

2. Plaintiff brings this action on behalf of himself and similarly situated current and former employees who elect to opt in to this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and specifically, the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

3.      Plaintiff also brings this action on behalf of himself and similarly situated current and former tipped workers in South Carolina pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, *et seq*. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff Jonathan Graham ("Graham") is a citizen and resident of Charleston County, South Carolina.

5.      Defendant Hall's Southern Kitchens, LLC d/b/a High Cotton ("High Cotton") is a limited liability company organized pursuant to the laws of the State of South Carolina, and has conducted business in the State of South Carolina during the relevant prior three-year period. High Cotton is an employer of individuals and operates a restaurant in Charleston County.

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

7.      In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent and supplemental claims, which are brought pursuant to the statutory and common law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

9.      Plaintiff brings the First and Second Causes of Action, the FLSA claim, individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all

individuals employed by Defendant at High Cotton at any time within three (3) years prior to joining this lawsuit, who were nonexempt tipped employees paid an hourly rate less than the minimum wage of Seven and 25/100 ($7.25) Dollars per hour (the "FLSA Collective Members").

10.     At all relevant times, Plaintiff and the FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff and others similarly situated at the legally required minimum wage for all hours worked and one-and-one-half times this rate for work in excess of forty hours per workweek and not allowing them to retain all of their earned tips. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

11.     Defendant's unlawful conduct, as described herein, is pursuant to a corporate policy or practice of requiring tipped workers to remit, from the tips they received, a portion of their tips at the end of each shift into a mandatory tip pool created by Defendant and requiring tipped workers to remit some of the wages and tips they received to Defendant for the costs of laundering their mandatory work uniforms each week.

12.     Defendant is aware or should have been aware that federal law prohibited it from taking a tip credit as to tipped workers who were required to participate in an improper, but mandatory, tip pool or who were required to reimburse Defendant for its operational costs, including the costs of weekly laundering of their mandatory work uniforms.

13.     Defendant is aware or should have been aware that federal law required it to pay employees minimum wage for all of the hours they work.

14. Defendant is aware or should have been aware that federal law required it to pay non-exempt employees an overtime premium for hours worked in excess of forty (40) per workweek.

15. Defendant's unlawful conduct has been widespread, repeated, and consistent.

16. The First and Second Causes of Action are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b).

## SOUTH CAROLINA CLASS ACTION ALLEGATIONS

17. Plaintiff brings the Third Cause of Action, the South Carolina Payment of Wage Act ("SCPWA") claims, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated current and former tipped workers employed by Defendant at any time within three (3) years prior to the commencement of this lawsuit, who received tips as a form of compensation and who were required to pay any portion of their tips or wages to the owners, managers, employees, or agents of Defendants in the form of uniform charges, other operational expenses, tip pool contributions, or had any compensation deducted without written or legal authorization ("SC Rule 23 Class").

18. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

   a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

   b. There are questions of law and/or facts common to the members of the proposed Plaintiff class;

   c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

4

    d.  Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

19. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b) Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate Defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual SC Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual SC Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual SC Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual SC Rule 23 Class Members, establishing incompatible standards of conduct for Defendants and resulting in impairment of the SC Rule 23 Class Members' rights and the disposition of their interests

through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Upon information and belief, Defendant and other employers throughout the State of South Carolina violate the SCPWA. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTUAL ALLEGATIONS

23. Defendant has maintained control, oversight, and direction of Plaintiff and other similarly situated employees, including the ability to hire, fire, and discipline them.

24. Plaintiff Jonathan Graham has been employed by Defendant as a server at its High Cotton restaurant since August 24, 2015. Graham's Consent to Join is attached as Exhibit A.

25. Defendant paid Plaintiff and others similarly situated less than the statutory minimum wage by taking the "tip credit" under the FLSA, 29 U.S.C. § 203(m).

26. Defendant required Plaintiff and other tipped workers to remit, from the tips they received, a portion of the tips at the end of each shift into a mandatory tip pool ("Tip Pool").

27. From the Tip Pool, Defendant paid funds to back-of-house employees, including polishers and expeditors, who are not employees who customarily and regularly receive tips.

28.     Plaintiff and others similarly situated sometimes worked over forty (40) hours in a workweek without receiving proper overtime compensation at the rate of at least one and one half times the federally mandated minimum wage.

29.     Additionally, Defendant maintained a policy and practice whereby Plaintiff and other tipped workers were required to wear work uniforms. In this regard, Defendant maintained a dress code policy that required tipped workers' uniforms to be "clean" and "wrinkle free" by having them professionally cleaned on a regular basis.

30.     Defendant required Plaintiff and other tipped workers to pay for the cleaning and maintenance of their uniforms. Plaintiff and others similarly situated were subjected to improper deductions each week for the costs of professional laundering of their work uniforms. For example, Servers were subjected to improper deductions in the amount of $10.00 biweekly ($5.00 per week), while Server Assistants and Food Runners were subjected to improper deductions in the amount of in the amount of $5.00 biweekly ($2.50 per week). Female tipped employees were required to pay for the costs of having their uniforms professionally cleaned out-of-pocket themselves.

31.     As a result of Defendant's mandatory Tip Pool and uniform deduction policy, Defendant violated the rights of Plaintiff and numerous similarly situated employees and failed to pay these employees the federally mandated minimum wage for all hours worked.

**FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act 29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit/Failure to Pay Proper Minimum Wage)**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

32.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

33.     As set forth above, Plaintiff, and all other similarly situated employees, were employed by Defendant at its High Cotton restaurant in Charleston.

34.     At all times pertinent hereto, Defendant engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

35.     At all times pertinent hereto, Defendant's annual gross volume of sales made or business done was not less than Five Hundred Thousand and 0/100 ($500,000.00) Dollars. Alternatively, Plaintiff, and all other similarly situated employees, worked in interstate commerce so as to fall within the protection of the FLSA.

36.     The business of Defendant was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendant is subject to, and covered by, the FLSA.

37.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 ($7.25) Dollars an hour.

38.     Defendant failed to pay Plaintiff and others similarly situated the minimum wages to which they are entitled under the FLSA.

39.     While the FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "tip credit" and pay less than the statutory minimum wage to tipped employees, this exception is only allowed on the condition that any tip pool is shared only with other employees who customarily and regularly receive tips and that the employer taking the "tip credit" permit employees to retain all tips received by the employee.

40.     When the employer makes deductions from an employee's tips or does not allow an employee to retain all tips received by the employee, the employer has violated the "tip credit" and can no longer enjoy the benefits of the "tip credit" provision, 29 U.S.C. § 203(m).

41.     When the employer requires tipped workers to share their tips by participating in a tip pool with employees who are not employees who customarily and regularly receive tips, the tip pool is invalidated.

42. When the tip pool is invalidated, the employer can no longer enjoy the benefits of the tip credit provision, 29 U.S.C. § 203(m).

43. Likewise, if an employer requires tipped employees to wear, launder, or professionally clean a uniform, the cost of professionally cleaning that uniform should be paid by the employer pursuant to 29 C.F.R. § 531.3 and not by the employee, particularly if the expenses reduce the employee's earnings below the minimum wage – regardless of whether the employee consents to the deduction or not.

44. When the employer makes deductions from the tips or wages of tipped workers or requires tipped workers to use their wages or tips to pay for business expenses or costs that are primarily for the benefit of the employer, such as having work uniforms professionally cleaned and maintained on a regular basis, the employer is not allowed to claim a tip credit.

45. Without the benefit of the tip credit, the employer must pay tipped workers an hourly rate of the statutory minimum wage of Seven and 25/100 dollars ($7.25) per hour for all hours worked, without any credit for the tips they received.

46. At all relevant times, Defendant compensated Plaintiff and others similarly situated at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq*.

47. Defendant has violated the FLSA, 29 U.S.C. § 203(m), in reckless disregard for the rights of Plaintiff and others similarly situated.

48. As a result of Defendant's willful violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

49.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

50.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and others similarly situated.

51.     Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours during some workweeks in the relevant period.

52.     Defendant willfully failed to pay Plaintiff and the FLSA Collective Members one and one half times the full minimum wage ($10.88 per hour) for all work in excess of forty (40) hours per workweek. Defendant's unlawful conduct, as described herein, has been willful and intentional. Defendant was aware or should have been aware that the practices described herein were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to compensation of the Plaintiff and the FLSA Collective Members.

53.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq*.

54.     As a result of Defendant's willful violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq*.

## THIRD CAUSE OF ACTION
### Violation of South Carolina Payment of Wages Act S.C. Code § 41-10-10, et. al.
### (Unauthorized Deductions from Wages and Notice Violations)
### (Brought on behalf of Plaintiff and the SC Rule 23 Class)

55.     Plaintiff realleges each and every allegation contained above as if repeated here verbatim.

56.     At all relevant times, Defendant has been an employer of the Plaintiff and the SC Rule 23 Class Members within the meaning of S.C. Code Ann. § 41-10-10(1).

57.     Defendant has engaged in a widespread pattern, policy, and practice of violating the SCPWA, as detailed in this Complaint.

58.     At all times relevant, Plaintiff and the SC Rule 23 Class Members have been covered by the SCPWA, S.C. Code Ann. § 41-10-10, *et seq*.

59.     Money received by Plaintiff and the SC Rule 23 Class Members, whether by way of paychecks or as tips, were 'wages" as defined by the SCPWA, S.C. Code Ann. § 41-10-10(2).

60.     Defendant illegally deducted amounts from the wages of Plaintiff and the SC Rule 23 Class Members.

61.     Defendant's illegal deductions from the wages of Plaintiff and the Rule 23 Class Members were willful and were made in bad faith.

62.     Pursuant to SCPWA, S.C. Code § 41-10-80(C), Plaintiff and the Rule 23 Class Members are entitled to recover in this action an amount equal to three (3) times the full amount of their wages that were illegally deducted from their pay, plus reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

      a.      An order authorizing the sending of appropriate notice to current and former employees of Defendant who are potential members of the collective action under the Fair Labor Standards Act;

      b.      A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and deprived Plaintiff and the FLSA Collective Members of their rights to such compensation;

      c.      An order requiring Defendant to provide a complete and accurate accounting of all the minimum wages and overtime wages to which Plaintiff and the FLSA Collective Members are entitled;

      d.      An award of monetary damages to Plaintiff and the FLSA Collective Members in the form of back pay for unpaid minimum and overtime wages due, together with liquidated damages in an equal amount;

      e.      Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

      f.      Pre-judgment interest;

      g.      An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act suffered by the SC Rule 23 Class;

      h.      An award of monetary damages to Plaintiff and the members of the SC Rule 23 Class in the form of back pay for all unpaid wages due, including improper deductions and misappropriated tips, together with treble damages pursuant to the South Carolina Payment of Wages Act;

    i.    Payment of service awards to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and the Rule 23 Class;

    j.    Attorneys' fees and costs; and

    k.    Such further relief as the Court deems just and proper.

FALLS LEGAL, LLC

s/ J. Scott Falls
J. Scott Falls
Federal I.D. No. 10300
E-mail: scott@falls-legal.com
Ashley L. Falls
Federal I.D. No. 12083
E-mail: ashley@falls-legal.com
245 Seven Farms Drive, Suite 250
Charleston, South Carolina 29492
Telephone: (843) 737-6040
Facsimile: (843) 737-6140

Counsel for Plaintiff Jonathan Graham, on behalf of himself and all others similarly situated

Charleston, South Carolina
September 25, 2018

13

# EXHIBIT A

## Jonathan Graham Consent to Join

## CONSENT TO JOIN

      I agree to join the lawsuit *Jonathan Graham v. Hall's Southern Kitchens, LLC d/b/a High Cotton*, or any other action that is filed against Defendant and/or related entities, to pursue owed wages under the Fair Labor Standards Act and/or the South Carolina Payment of Wages Act. I hereby designate Falls Legal, LLC and any associated attorneys to represent me and make decisions on my behalf concerning the litigation and any settlement.

Name: Jonathan Graham _____ (print your name)

Signature: *[DocuSigned by: 4D018F750149413...]*

Date: 9/19/2018

**You may return this form by mail, email, or fax to:**

**Falls Legal, LLC**
**245 Seven Farms Drive, Suite 250**
**Charleston, SC 29492**
**Telephone: (843) 737-6040**
**Fax: (843) 737-6140**
**info@falls-legal.com**