**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jonathan Graham, on behalf of himself and all others similarly situated,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>Hall's Southern Kitchens, LLC d/b/a High Cotton,   )<br>)<br>Defendant.   )<br>) | Case No: 2:18-cv-02621-RMG |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION PURSUAN TO THE FLSA**

Defendant, Hall's Southern Kitchens, LLC d/b/a High Cotton ("Defendant" or "High Cotton"), by and through its undersigned counsel, responds in opposition to Plaintiff's, Jonathan Graham, on behalf of himself and all others similarly situated ("Plaintiff" or "Graham"), Motion for Conditional Class Certification Pursuant to the FLSA [ECF No. 12] ("Motion for Conditional Certification"). While Defendant does not oppose conditional certification of the collective action as proposed in Plaintiff's Motion for Conditional Certification,[1] Plaintiff's proposed form of Notice and Notice Program are objectionable and should be revised, as discussed herein.

### I.     Defendant Does Not Oppose Conditional Certification of the Collective Action

As noted in Plaintiff's Motion for Conditional Certification, "[c]ollective action certification occurs in two stages: the 'notice stage' and an optional final stage." *Turner v. BFI*

---

[1] Defendant disputes many of the factual and legal allegations contained in the "BACKGROUND" and "FACTS" sections of Plaintiff's Motion for Conditional Certification. For the purposes of the Court's consideration of the present motion, Defendant will not address these factual and legal disputes, but reserves its right to do so at a later stage of this litigation, including but not limited to in a motion for summary judgment, motion to decertify the collective action, and/or response in opposition to any motion for class certification.

*Waste Servs., LLC*, 268 F. Supp. 3d 831, 840 (D.S.C. 2017).  "During the 'notice stage,' . . . the court reviews the pleadings and affidavits to determine whether plaintiffs have sufficiently demonstrated that they are 'similarly situated' to other putative members in an FLSA action." *Id.* at 840-41 (citing *Steinberg v. TQ Logistics, Inc.*, 2011 WL 1335191, at *1 (D.S.C. Apr. 7, 2011)).  "If the court finds that the proposed class members are 'similarly situated,' the court will conditionally certify the class and permit notice."  *Id.* at 841.  "At the notice stage, plaintiffs must simply demonstrate that there is 'some identifiable factual nexus which binds the named plaintiffs and the potential class members together.'"  *Id.* (quoting *Heagney v. Eur. Am. Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008) ("[P]laintiff has the burden of showing a 'reasonable basis' for his claim that there are other similarly situated employees.").

"The second stage of collective action certification occurs after discovery if the defendant moves for decertification."  *Id.*  "It is during this stage that the court applies a 'heightened fact-specific standard to the 'similarly situated' analysis."  *Id.*

As noted above, Defendant does not oppose conditional certification of the collective action as proposed in Plaintiff's Motion for Conditional Certification.  However, Defendant reserves its right to move to challenge final certification, decertify the collective action, and/or to oppose any forthcoming motion for class certification at a later stage of the litigation.

**II.     The Proposed Form of Notice and Notice Program Are Objectionable**

Although Defendant is not opposing conditional certification, the form of Notice and Notice Program proposed by Plaintiff are objectionable and should be revised.  "[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs."  *Regan v. City of Charleston, S.C.*, C/A No. 13-3046-PMD, 2014 WL

3530135, at *7 (D.S.C. July 16, 2014) (quoting *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989)). "In facilitating such notice under the FLSA, courts also have 'broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs.'" *Id.* (quoting *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012)). "Neither the statute, nor other courts have specifically outlined what form court-authorized notice should take nor what provisions the notice should contain." *Id.* (quoting *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 60 (E.D.N.Y. 2011)).

### A.   Proposed Form of Notice is Objectionable.

#### 1.   Notice improperly directs individuals to join lawsuit.

In the first sentence of the proposed Notice, Plaintiff improperly directs putative collective action members to "[p]lease mail this Consent form to the Plaintiffs' attorneys using the enclosed envelope." This language, particularly in the very first sentence read by putative collective action members, is unduly coercive. The purpose of the Notice is to inform individuals about the lawsuit and to provide them the <u>option</u> to join the lawsuit. Plaintiff's proposed language <u>directing</u> individuals to mail in the Consent form is, therefore, inappropriate and should be stricken from the Notice. *See Regan*, 2014 WL 3530135, at *8 (rejecting language that "may be misleading or unduly coercive.").

#### 2.   Notice improperly directs individuals to contact Plaintiff's counsel.

In Section 9 of the proposed Notice, "Can High Cotton fire me or take other action against me because I am part of this case?", the proposed Notice states "[i]f you have any questions about this, contact Falls Legal, LLC at the telephone number or address listed on the last page of this Notice." This Court has rejected such language previously because it improperly encourages employees to call Plaintiff's counsel. *See Moodie v. Kiawah Island Inn*

*Co., LLC*, No. 15-1097-RMG, 2015 WL 12805169, at *5 (D.S.C. July 27, 2015).  Therefore, the last sentence of Section 9 should be stricken from the Notice.

### 3. Notice fails to fully inform individuals of participation obligations.

In Section 15 of the proposed Notice, "How and when will the Court decide who is right?", the proposed Notice states only that "[w]hile the Lawsuit is pending, you may be required to provide information or participate in the Lawsuit."  However, this language fails to adequately inform putative members of the collective action of the potential obligations associated with joining this lawsuit, including:  producing documents; responding to written discovery requests; appearing for a deposition under oath; and being called to testify as a witness at trial.  Judge Duffy has previously amended proposed Notices to include this additional language.  *See, e.g., Regan*, 2014 WL 3530135, at *9 ("As noted by the court in *Byard*, "[c]ourts 'routinely accept[]' text notifying potential plaintiffs 'of the possibility that they will be required to participate in discovery and testify at trial.'") (quoting *Byard v. Verizon West Virginia, Inc.*, 287 F.R.D. 365, 375 (N.D.W. Va. 2012)); *Butler*, 876 F. Supp. 2d at 575 (modifying proposed notice to advise potential plaintiffs of possibility of having to participate in discovery process and at trial)).  Therefore, Section 15 of the Notice should be revised to include a full description of the potential obligations associated with joining this lawsuit.

### B.     Proposed Notice Program is Objectionable.

### 1.     Multiple methods of sending notice are duplicative and unnecessary.

Plaintiff proposes sending notice to putative members of the collective action via *three* separate means:  U.S. Mail, e-mail, and posting.  Such repetitive notification should not be permitted, "because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims."  *Fenley v. Wood Grp. Mustang, Inc.*, No. 15-326, 2016 WL

1059681, at *7 (S.D. Ohio Mar. 17, 2016); *see also Moseman v. U.S. Bank Nat'l Assoc.*, No. 17-481, 2018 WL 3616864, at *2 (W.D.N.C. June 12, 2018) (rejecting request to send U.S. Mail and "duplicative notice by email" as inappropriate); *Ganci v. MBF Inspection Servs., Inc.*, No. 15-2959, 2016 WL 5104891, at *3 (S.D. Ohio Sept. 20, 2016) ("[c]ourts generally approve only a single method for notification unless there is a reason to believe that method is ineffective."). Therefore, the Court should limit Notice to U.S. Mail and permit email notice only where the Notice sent via U.S. Mail is returned as undeliverable.

### 2.     Posting in the restaurant should not be permitted.

The Court should reject Plaintiff's request that the Notice be posted at High Cotton. Such notice is likely to "increas[e] workplace tension" and there is no evidence that traditional, mailed notice will be ineffective, especially to Defendant's current employees for whom Defendant "is most likely to have up-to-date contact information." *Regan*, 2014 WL 3530135, at *11; *see also Curtis v. Time Warner Entm't-Advance/Newhouse P'ship*, No. 12-2370-JFA, 2013 WL 1874848, at *8 (D.S.C. May 3, 2013) (rejecting posting where plaintiffs "have not explained why notice by mail and/or telephone is insufficient"); *McCoy v. RP, Inc.*, No. 14-3171-PMD, 2015 WL 6157306, at *8 (D.S.C. Oct. 19, 2015) (rejecting notice posting in restaurants). Plaintiff here makes no attempt to argue that sending Notice by mail would be insufficient. In fact, the only individuals who would see the posting are current employees, for whom High Cotton has current contact information. Therefore, posting should not be permitted.

### 3.     Electronic signatures on consent forms should not be permitted.

In conjunction with his request for electronic notice, Plaintiff asks that putative members of the collective action be permitted to electronically sign their opt-in consent forms using DocuSign. Courts have typically permitted this only in unusual circumstances, which there is no

evidence of here. *Compare Graham v. Jet Specialty, Inc.*, No. 15-135, 2016 WL 154846 (W.D. Tex. Jan. 11, 2016) (rejecting electronic notice and e-signatures because "plaintiff has not alleged any facts suggesting that potential plaintiffs' last known addresses would be insufficient to send notice to potential plaintiffs"), *adopted*, 2016 WL 7479956 (W.D. Tex. May 11, 2016), *with Landry v. Swire Oilfield Servs., LLC*, No. 16-621, 2017 WL 1709695 (D.N.M. May 2, 2017) (permitting electronic notification and signatures where class members were oilfield laborers working at remote sites); *Bland v. Calfrac Well Servs. Corp.*, No. 2:12-CV-01407, 2013 WL 4054594, at *3 (W.D. Pa. Aug. 12, 2013) (employers were field operators and supervisors, who spent significant amounts of time out in the field or residing at remote locations ("man camps") away from home); *White v. Integrated Elec. Techs., Inc.*, No. 12-359, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013) (allowing notification via email and electronic signatures for opt-in plaintiff satellite television technicians because class members were "technologically sophisticated.").

Plaintiff has failed to articulate any special need for the use of electronic signatures, and there is no evidence to suggest that employee mailing addresses on file with Defendant are inaccurate. Plaintiff and the FLSA class he seeks to represent are restaurant workers, not a population working in distant or remote locations. There is no justification for using electronic signatures here, and their use should be rejected.

### III.    Conclusion

For the foregoing reasons, Defendant does not oppose conditional certification of the collective action as proposed in Plaintiff's Motion for Conditional Certification. Defendant requests that the Court amend the proposed Notice and Notice Program as set forth herein.

       Respectfully submitted,

       FISHER & PHILLIPS LLP

   By: s/ Nicole P. Cantey
       George A. Reeves III (FID 9701)
       greeves@fisherphillips.com
       Nicole P. Cantey (FID 6551)
       ncantey@fisherphillips.com
       Matthew R. Korn (FID 11579)
       mkorn@fisherphillips.com
       1320 Main Street, Suite 750
       Columbia, South Carolina 29201
       Phone: (803) 255-0000
       Fax: (803) 255-0202

       ATTORNEYS FOR DEFENDANT

Dated this 19th day of November 2018.