IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jonathan Graham, on behalf of himself and all others similarly situated, | ) )  ) |
| Plaintiff, | ) Civil Action No. 2:18-cv-02621-RMG ) ) |
| v. | ) **ORDER AND OPINION** ) |
| Hall's Southern Kitchens, LLC d/b/a High Cotton, | ) ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on Plaintiffs' motion for conditional certification. (Dkt. No. 12.) For the reasons set forth below, the Court grants Plaintiffs' motion for conditional certification.

**I.    Facts**

Plaintiff Jonathan Graham, a tipped worker at High Cotton restaurant, filed this class and collective action on behalf of himself and all others similarly situated against Defendant Hall's Southern Kitchens, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the South Carolina Payment of Wages Act, S.C. Code § 41-10-10 et seq. (Dkt. No. 1 at ¶ 1 – 3.) Four other individuals have opted in as plaintiffs.[1] Specifically, Plaintiffs allege that they and all other similarly situated tipped workers were paid less than the applicable minimum wage and denied overtime wages because they were improperly included in a tip pool with employees who do not regularly receive tips and their wages were subject to an improper deduction for uniform cleaning. (Dkt. No. 1.)

---

[1] Brian Rogers, Evan Dwyer, Brett McCaffrey and Jessica Stone. (Dkt. Nos. 7; 8; 22.)

Under the FLSA, Plaintiff moves for conditional collective action certification and permission to send an opt-in notice to similarly situated individuals. (Dkt. No. 1 at ¶ 2; 12-1; 21-1.) Defendants do not object to conditional certification, but do object to certain aspects of the proposed notice. (Dkt. No. 21.)

## II. Legal Standard

The FLSA permits a plaintiff to bring a collective action on behalf of himself and other employees that are "similarly situated" to the plaintiff. See 29 U.S.C. § 216(b). The collective action provision, 29 U.S.C. § 216(b), provides,

> An action to recover [unpaid overtime compensation] may be maintained against any employer…by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"In order to expedite the manner in which collective actions under the FLSA are assembled, 'district courts have discretion in appropriate cases to implement …§ 216(b) … by facilitating notice to potential plaintiffs.'" *Purdham v. Fairfax Cnty. Pub. Schs.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009) (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169(1989)).

Certification of a collective action is a two-stage process. *See Turner v. BFI Waste Servs., LLC*, 268 F. Supp. 3d 831, 840 – 41 (D.S.C. 2017). First, "a plaintiff seeks conditional certification by the district court in order to provide notice to similarly situated plaintiffs" that they can "opt-in" to the collective action. *See Pelczynski v. Orange Lake Country Club, Inc.*, 284 F.R.D. 364, 367 – 68 (D.S.C. 2012). At this "notice stage," the court reviews the pleadings and affidavits to determine whether the plaintiff has carried his burden of showing he is similarly situated to the proposed class members. *Id.* at 368. If the court determines that the proposed class members are similarly situated, the court will conditionally certify the class. *Id.* at 841. The putative class members are then given notice and the opportunity to "opt-in," and the action proceeds as a

2

representative action throughout discovery. *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1 (D.S.C. July 28, 2017).

After discovery, defendants may take advantage of the second stage and move to decertify the collective action, "pointing to a more developed record to support its contention that the plaintiffs are not similarly situated to the extent that a collective action would be the appropriate vehicle for relief." *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *2 (D.S.C. July 28, 2017)

### III. Discussion

#### A. Similarly Situated

A court should conditionally certify a collective action and authorize notice where the members "share common underlying facts and do not require substantial individualized determinations for each class member...." *Turner*, 268 F. Supp. 3d at 835 *citing Purdham*, 629 F. Supp. at 549. At this first stage, the burden of demonstrating that a plaintiff and putative class members are "similarly situated" is fairly lenient and requires "only a modest factual showing that members of the proposed class are 'victims of a common policy or plan that violated the law.'" *Higgins v. James Doran Co., Inc.*, No. CV 2:16-2149-RMG, 2017 WL 3207722, at *1 (D.S.C. July 28, 2017) *citing Purdham*, 629 F. Supp. at 548.

Plaintiffs here allege that they and similarly situated individuals all were tipped workers for Defendant High Cotton and were paid less than the applicable minimum wage and denied overtime wages because of Defendant's automatic inclusion of them in a tip pool with employees who do not regularly receive tips and their wages and deduction from their wages for uniform cleaning. (Dkt. No. 1.) Plaintiffs submitted declarations attesting to these facts. (Dkt. Nos. 12-2; 12-3; 12-4.) While Defendant reserved the right to contest Plaintiffs' factual allegations at a later

date through a dispositive motion or motion to decertify the collective action, they do not oppose conditional certification. (Dkt. No. 18 at 2.)

Based on these facts, the Court finds that the Plaintiffs have met the lenient standard at this stage for demonstrating that the potential opt-in plaintiffs are similarly situated. Therefore, the Court grants conditional class certification.

### B. Notice

Plaintiffs have proposed a Notice to potential collective action members outlining the options available to them with regard to their FLSA claims. (Dkt. No. 21-1.)[2] Defendant largely consents to the notice, but makes limited objections regarding the language and how the notice should be distributed. (Dkt. No. 18 at 2 – 7.)

First, the Court approves Notice via mail and email. Defendant objects to notice via both mail and email, arguing that notice via email is duplicative. However, the Court finds that notice via email is appropriate in today's mobile society. The Court further approves receiving responses back from potential opt-in plaintiffs using a secure E-signature program, such as DocuSign. *See e.g., Wade v. Furmanite Am., Inc.*, No. 3:17-CV-00169, 2018 WL 2088011, at *8 (S.D. Tex. May 4, 2018) ("recent technological advances…have made electronic signatures trustworthy, valid, and enforceable. As such, courts routinely permit opt-in members in FLSA collective actions to execute their consent by means of electronic signature."). The Court, however, denies Plaintiffs' request for notice to also be posted in the workplace in a conspicuous location near where employees clock in and out. (Dkt. No. 12-1 at 14.) Plaintiffs argue that such notice is necessary because Defendant's rollout of a new handbook referencing mandatory arbitration during the

---

[2] Plaintiffs' Counsel represented that the Parties reached an agreement on a new Section 9 included in an updated notice regarding a reference to an arbitration agreement in a recently issued handbook. (Dkt. No. 21 at 1 n.1.)

4

pendency of this case was an improper communication to potential collective action members. (Dkt. No. 12 at 5 – 7.) Regardless of the propriety of the new handbook, a copy of which the Court does not have before it, the remedy proposed by Plaintiffs is inappropriate. Instead, the Court is satisfied that the newly added language in Section 9, making clear to potential collective action members that they may "still join the case even if [they] received an Employee Handbook…referencing mandatory arbitration," properly cures any allegedly improper communication. Indeed, the case Plaintiffs rely upon to argue that it is necessary to post the notice in the workplace, *Mueller v. Chesapeake Bay Seafood House Assocs. LLC*, found that similar language was appropriate. No. CV ELH-17-1638, 2018 WL 1898557, at *8 (D. Md. Apr. 20, 2018). Unlike the remedy requested by Plaintiffs here, the court in *Mueller* did not require notice posting and instead merely required a new notice to be sent with "language making clear that the Arbitration Agreement does not prevent them from joining the litigation." *Id.* Therefore, while the Court approves Notice via mail and email, the Court denies Plaintiffs request to post the notice in the workplace.

Second, the Court orders and directs Defendant to provide Plaintiffs, within 14 days of this Order, the following information in excel format for each tipped worker paid a direct hourly wage less than $7.25 per hour at any time within the past three years:

1. Full name;

2. Dates of employment;

3. Email address, and;

4. Latest known mailing address.

Third, the proposed mail and email notice from Plaintiffs is approved as modified below. (Dkt. Nos. 12-5; 21-1.) Defendant argues that the first sentence of the notice, asking potential

5

collective action members to mail back the consent form, is unduly coercive as it "direct[s]" individuals to mail back the notice. The Court does not find this phrasing coercive, and Defendant identified no case indicating that this language is improper. Instead, this sentence makes clear to potential plaintiffs that they must actually mail back the form to be included in the lawsuit, and serves as a request ("please") rather than an order.

Defendant next objects to the sentence directing potential plaintiffs to "contact Falls Legal, LLC" if they have any questions regarding potential retaliation from joining the lawsuit. (Dkt. No. 21-1 at 4.) This Court has previously upheld an objection to similar language because "it [was] inappropriate for the notice to encourage workers to call Plaintiffs' counsel in [the retaliation] section." *Moodie v. Kiawah Island Inn Co.*, LLC, No. 2:15-CV-1097-RMG, 2015 WL 12805169, at *5 (D.S.C. July 27, 2015). Therefore, the Court grants Defendant's request to remove the final sentence of Section 10 regarding retaliation.[3]

Finally, Defendant argues that language should be added informing potential opt-in plaintiffs that, if they join the lawsuit, they may be required to give a deposition, produce documents, respond to written interrogatories, and potentially be called as a witness. (Dkt. No. 18 at 4.) The Court finds that these additions are unnecessary and may discourage participation in the collective action. *See Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015). Furthermore, the Court is satisfied that the potential opt-ins are sufficiently informed of their potential litigation obligations by the Notice, which states that opt-in plaintiffs "may be required to provide information or participate in the Lawsuit[,]" and that they may be "called as a witness by either Plaintiffs or Defendants." (Dkt. No. 21-1 at 5.)

---

[3] The Response in Section 10 shall now read: "No. Federal law prohibits High Cotton from discharging or in any other manner discriminating against any worker from joining this lawsuit."

Finally, the Court finds appropriate and orders a 60-day opt-in period.

## IV. Conclusion

For the reasons above, the Court **GRANTS** Plaintiff's motion for conditional class certification (Dkt. No. 12) and **APPROVES** notice by mail and e-mail (Dkt. Nos. 12-6; 21-1) as modified.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

November 27, 2018
Charleston, South Carolina